BULLMAN v. METROPOLITAN ST. RY. CQ.

(Supreme Court, Appellate Term. November 30, 1903.)

1. STREET RAILROADS—INJURIES TO DRIVERS—EVIDENCE.
    In an action against a street railway company for injuries to the driver of a cart while crossing a street in front of a car, evidence *held* to justify a verdict in favor of plaintiff.

2. SAME—CONTRIBUTORY NEGLIGENCE.
    Where a street car, at the time plaintiff attempted to drive across the track, was half a block away, and not closer than 25 feet when plaintiff was actually on the track, and was going at a speed not to exceed 1½ miles per hour, and could have been stopped within 3 feet, plaintiff was not guilty of contributory negligence, as a matter of law, in attempting to cross in front of it.

Appeal from City Court of New York, General Term.

Action by Dennis Bullman against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Henry A. Robinson (Bayard H. Ames and F. Angelo Gaynor, of counsel), for appellant.

Louis Steckler, for respondent.

BISCHOFF, J. The sole burden of the appeal is that the verdict was against the evidence or against the weight of evidence. The accident occurred at a point where Second avenue is intersected by Ninety-Second street, the defendant's south-bound track being on the westerly, and its north-bound track on the easterly, side of the avenue; and while the defendant sought to maintain the blamelessness of its motorman upon testimony to the effect that the accident resulted from the plaintiff's sudden emerging from behind a south-bound car upon the north-bound track, and in front of the colliding car, the jury were well authorized to find that the facts were as claimed for the plaintiff. It appeared in evidence that the plaintiff drove his horse and cart along the westerly side of Second avenue to the southerly line of Ninety-Second street, and then turned the direction of his team easterly, intending to cross to that side of the avenue. While so doing he observed the defendant's south-bound car about half a block south of him. He proceeded to cross the westerly or south-bound track, and reached the easterly or north-bound track, his horse having stepped over the westerly rail with its forefeet, when he noticed the north-bound car but 25 feet off. He shouted to the motorman, whose car was then approaching at a rate of speed not over 1½ miles an hour, and could have been brought to a standstill within 3 feet, and at the same time pulled his horse about to a northerly direction, almost parallel to the track, so as to allow the car to pass by, for that purpose, of course, checking the forward progress of his team. The car did not come to a stop, but struck the front portion of the easterly shaft of the cart, throwing the horse between the tracks, and causing the plaintiff to fall to the ground. True Keleher, a witness for the plaintiff, testified that he was present at the time of the accident, and saw it, and that he "did not see the south-bound car." It was a fair inference from this that the south-bound car, if any, was not within noticeable proximity, that it did not obscure the plaintiff's presence upon the tracks, and that it was not a factor to the collision. It cannot be reasonably contended that the plaintiff was careless, as matter of law, in attempting to cross the avenue with the north-bound car half a block distant, or that he was so because he proceeded, while actually upon the tracks, when the car had neared to 25 feet, and was then traveling at no greater rate of speed than 1½ miles an hour, which enabled the motorman to cause it to come to a stop within 3 feet. Realizing the nearness of danger, he tried to avoid it by turning his horse off the track, yet the car proceeded and struck him. Surely, the conclusion that the motorman's carelessness alone caused the accident was inevitable.

Judgment and order affirmed, with costs. All concur.